## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNIVERSAL PROTECTION SERVICE, LLC D/B/A ALLIED UNIVERSAL SECURITY SERVICES,

        Plaintiff,

v.

SALIH KOC

        Defendant.

CASE NO.: 1:23-cv-10617

**DECLARATION OF EZRA ALTER IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND CERTIFICATION UNDER F.R.C.P. 65(b)(1)(B)**

Pursuant to 28 U.S.C. § 1746, Ezra Alter, being over the age of eighteen years old and competent to make the foregoing declaration, hereby declares under penalty of perjury that the following statements are true and correct to the best his knowledge, information and belief:

1.     My name is Ezra Alter. I am over eighteen years of age, I am of sound mind and body and I am competent to attest to the matters set forth herein.

2.     I make this declaration upon my own personal knowledge of the facts set forth herein.

3.     I am currently engaged as outside counsel for Plaintiff in the above-referenced matter. I am duly licensed to practiced law in the State of New York and am admitted in the United States District Court for the Southern District of New York.

4.     On November 17, 2023, on behalf of Plaintiff, I caused a letter to be sent to Doyle Security Services, Inc., ("Doyle") with Salih Koc's Employment and Non-Compete Agreement and Incentive Units Agreement, notifying Doyle of the agreement and requesting its cooperation in preventing further violations thereof.  The letter set a deadline of November 22nd to respond. A copy of the letter and its attachments are attached hereto as Exhibit "1".

5.     On November 21st, I received notification from Doyle that they had received the letter, that the deadline was unreasonable and that it would respond in a reasonable time.

6.     On November 28th, Doyle's counsel responded in part by informing me that Koc "has not yet started employment with Doyle" that "Mr. Koc does not have a confirmed scheduled start date", and that Doyle is "looking into" whether it has any of Allied Universal's confidential information but its attorney believes it does not.

7.     Pursuant to F.R.C.P. 65(b)(1)(B), Immediately upon filing of this action, I took steps to provide Defendant with notice of Plaintiff's request for a temporary restraining order. The steps included (1) overnighting a copy of the pleadings to Defendant's last known address; (2) emailing a copy of the Pleadings to Defendant's personal email account (kocsalih@hotmail.com), (3) attempting to call Defendant at his last known phone number, emailing the pleadings to counsel for Dedendant's employer Doyle, and beginning the process to effect service on the Defendant.

8.     Additionally, we request that the Court enter a temporary restraining order, without notice to the Defendant, due to the risk that Defendant may destroy or disseminate Confidential Information and/or Trade Secrets without a court order specifically enjoining him from doing so.

I certify and declare under penalty of perjury of the laws of the State of Oregon and the United States that the foregoing is true and correct.

Dated: December 5, 2023               */s/ Ezra Alter*_____
                                       Ezra Alter